YOUNG CONAWAY

WILMINGTON
RODNEY SQUARE

NEW YORK
ROCKEFELLER CENTER

CHARLOTTE
CARILLON TOWER

Adam W. Poff
P 302.571.6642
apoff@ycst.com

October 2, 2025

**VIA CM/ECF**

The Honorable Jennifer Choe-Groves
United States Court of International Trade
One Federal Plaza
New York, NY 10278-0001

      Re:    OptraSCAN, Inc. v. Morphle Labs Inc.
                Case No. 24-649-JCG

Dear Judge Choe-Groves:

      Defendant Morphle Labs, Inc. provides the following response to Plaintiff's letter brief dated September 29, 2025.

      The general rule is that a "deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business." *Aerocrine AB v. Apieron Inc.*, 267 F.R.D. 105, 108 (D. Del. 2010). Here, Morphle's principal place of business is Bangalore, India. (ECF 36, ¶ 1.) Nevertheless, OptraSCAN argues that the "Requested Deponents" must be compelled to travel to Delaware from India because they are "officers" under the Scheduling Order. But OptraSCAN never establishes that they are "officers." In addition, even if they are, an exception is warranted because Morphle's counterclaims are compulsory, and requiring the deponents to travel from India would create an undue burden.

      On August 12, OptraSCAN sent deposition notices for sixteen witnesses, all of whom are located in India. OptraSCAN has not noticed any of the depositions, nor has it pursued this discovery through the Hague Convention. A corporation may be deposed through the testimony of its officers, directors or managing agents, but "those individuals without the authority to speak for the corporation are not proper party deponents absent a subpoena." *Philadelphia Indem. Ins. Co. v. Federal Ins. Co.*, 215 F.R.D. 492, 494 (E.D. Pa. 2003). OptraSCAN cites two cases

Young Conaway Stargatt & Taylor, LLP
Rodney Square | 1000 North King Street | Wilmington, DE 19801
P   302.571.6600    F   302.571.1253    YoungConaway.com

supposedly to support the proposition that the Requested Deponents' roles "define them as officers" who are "subject to in-person depositions in Delaware." Neither case supports that critical point. In *Pettyjohn v. Goodyear Tire and Rubber Co.*, the plaintiff failed to demonstrate that the employee had authority to speak for the defendant, so the motion to compel was denied. 1992 WL 168085, at *1 (E.D. Pa. July 9, 1992). *ACI Worldwide v. Tracfone Wireless* is unhelpful as it generally concerns subject matter jurisdiction. 2017 WL 3228138 (D. Del. July 31, 2017).

OptraSCAN also cites deposition testimony, but it omits other testimony indicating that the Requested Deponents do not have authority. In particular, OptraSCAN provides an excerpt of the deposition transcript ending at page 41, but on the next page Morphle's CEO testifies that Mr. Daniel is responsible for the "middle work" in the sales process. Counsel also asked "Is [Mr. Daniel] responsible for making the sales offers to customers?" to which the witness responded "He's the first touch…" and "I jump in towards the end [] of the [sales] process." Ex. A at 41:10-42:18. The complete testimony suggests that **Mr. Daniel does not have general authority** to speak for the company with respect to sales.

OptraSCAN has similarly failed to show that Mr. Abishek has authority. The deposition established that the former VP of hardware recently left Morphle and the responsibilities are now split between Mr. Abishek and another person. *Id.* at 17:11-18:13. When asked whether Mr. Abishek has superior knowledge concerning mechanical design, Mr. Hiwale testified that such knowledge "resides with the person who has been with the company the longest. I happen to be that. And I have been deeply involved in the—each and every design, critical design discussion of the product that shaped Morphle." *Id.* at 25:22-26:14. Despite having deposed Morphle, Plaintiff cannot show that any witness has necessary authority.[1]

Even if the Court finds that these individuals qualify as "officers," Morphle respectfully submits that they should not be ordered to travel from India. Morphle is a small company, and each individual is key to a current roll out of Morphle's new product. If they are forced to travel, Morphle's new product launch would potentially be compromised. *See* Ex. C. Under similar circumstances, courts do not compel witnesses to travel from abroad. *Chris-Craft Indus. Products, Inc. v. Kuraray Co., Ltd.*, 184 F.R.D. 605, 607–08 (N.D. Ill. 1999) (ordering depositions

---

[1] OptraSCAN"s arguments about "delay tactics" and that it "first learned" of these witnesses at the deposition of Morphle are false. Morphle offered dates for its Rule 30(b)(6) deposition in April and May, but OptraSCAN chose not to take it until July. *See* Ex. B. Morphle produced an organization chart identifying the witnesses on June 6 and OptraSCAN never sought their depositions until late August.

in Japan because forcing travel would have "precluded [defendant] from successfully closing its fiscal year, causing economic loss").

OptraSCAN has also argued that the witnesses should be compelled to travel because Morphle has brought counterclaims, but they are compulsory. In similar situations, Courts have not forced witnesses to travel. *See Chris-Craft*, 184 F.R.D. at 607 (counterclaimant not treated as a party plaintiff when the plaintiff made no showing that it intended to depose witnesses to obtain information related to counterclaims); *Swimways Corporation v. Zuru, Inc.*, No. 2:13cv334, 2014 WL 12603190 (E.D. Va. June 6, 2014) (compulsory counterclaimant not treated as a party plaintiff for purposes of local rule)[2]; *Marana Aerospace Solutions, Inc. v. Western Global Airlines, LLC*, 2016 WL 9343166 (D. Ariz. June 24, 2016) ("The fact that [defendant] has filed compulsory counterclaims does not tilt the balance in favor of holding the depositions at issue in Tuscon."). Even assuming that OptraSCAN had shown these witnesses to be officers (it has not), the Court should make an exception for travel, as permitted by the Scheduling Order (D.I. 33, ¶ 8 ("Exceptions to this general rule may be made by order of the Court….")).

Finally, OptraSCAN argues that "in-person depositions provide benefits that are not available" by video, such as handling exhibits and observing non-verbal cues. These "benefits" are debatable with modern video depositions, and they do not justify forcing a small company to fly four witnesses halfway around the world. Again, when other courts have confronted the question of whether deponents should travel **from abroad**, they have adhered to the general rule that a deposition should be taken at the corporation's principal place of business, and OptraSCAN has not cited a single case that supports the relief it seeks. If not in India, OptraSCAN should take the depositions by video, which is common in modern patent litigation. Indeed, Morphle will soon be deposing the inventor of the patents, and that deposition is noticed to take place by video. *See* ECF No. 69.

---

[2] This case has been distinguished. *Tekle v. Saud*, 1:18-211 (E.D. Va. June 18, 2019). However, *Tekle* dealt with a local rule that Delaware does not have and with proposed depositions in Saudia Arabia where there were "significant safety concerns." In deciding location here, the Court should consider the relative burden and expense to the parties (8A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2112 (3d. ed. 2016)), which heavily favors following the general rule that the depositions should take place in India (or by video).

Respectfully submitted,

*/s/Adam W. Poff*

Adam W. Poff (No. 3990)


AWP
cc: All Counsel of Record (Via E-mail)
Attachments (Ex. A-C)